IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Annie Padilla Martin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CA No. 3:19-cv-01490-JMC-TER |
| vs. | ) |
| | ) |
| Pratt Recycling, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER

COMES NOW Defendant, Pratt Recycling, Inc. ("Pratt"), by and through its undersigned counsel responds to the allegations of the Complaint as follows:

### FOR A FIRST DEFENSE

Defendant denies each and every allegation contained in Plaintiff's Complaint not expressly admitted, explained, or modified herein.

**I. The Parties to This Complaint**

1. Upon information and belief, Defendant admits that Plaintiff resides in Michigan at the address provided.

2. The allegations contained in Paragraph I.B. of the Complaint are admitted.

3. Defendant admits that Plaintiff was formerly employed at the 120 Atlas Court Columbia, SC address provided in Paragraph I.C.

**II. Basis for Jurisdiction**

4. Defendant admits that Plaintiff has filed this lawsuit pursuant to Title VII of the Civil Rights Act of 1964 but denies that it in any way violated Title VII.

### III. Statement of Claim

5. Defendant denies that it committed any discriminatory or retaliatory conduct toward Plaintiff in January 2017, including the items identified by Plaintiff in Paragraph III. A. of the Complaint.

6. Defendant denies that it committed any discriminatory acts as alleged in Paragraph III. B. of the Complaint.

7. Defendant admits that it is not committing any discriminatory acts as alleged in Paragraph III. C. of the Complaint and affirmatively asserts that at no time did Defendant commit any discriminatory acts against Plaintiff.

8. Defendant denies that it discriminated against Plaintiff based on her religion as stated in Paragraph III. D. of the Complaint.

9. In responding to Paragraph III. E. of the Complaint, Defendant denies the facts of the case as stated and demands strict proof of each factual allegation. Defendant denies that Plaintiff informed Pratt that she was a Seventh Day Adventist. Defendant affirmatively asserts that at the time she was hired, Plaintiff indicated she could work a flexible work schedule to include occasional work on Saturdays. Defendant further denies that Plaintiff was terminated in violation of Title VII based on her religion.

### IV. Exhaustion of Federal Administrative Remedies

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Section IV of the Complaint concerning when Plaintiff received a copy of the Right to Sue and therefore denies the allegations as stated. Defendant does admit that Plaintiff filed an EEOC charge and that the EEOC issued a Right to Sue letter on October 10, 2018.

**V. Relief**

11. Defendant denies that Plaintiff has suffered any damages and is entitled to any relief prayed for in the Complaint, including, but not limited to, any award for lost wages, emotional distress, or punitive damages from Defendant.

12. Defendant denies that Plaintiff is entitled to any relief prayed for in the Complaint, specifically including, but not limited to, the relief set forth in the "Relief" section of the Complaint. Plaintiff's claims must be dismissed to the extent they fail to state a claim upon which relief can be granted.

## DEFENSES AND AFFIRMATIVE DEFENSES

13. Plaintiff's claims must be dismissed to the extent they are barred in whole or in part by the doctrine of laches, express or implied consent, estoppel, waiver, unclean hands, due diligence, accord and satisfaction, release, or some combination thereof.

14. Plaintiff's claims are barred, in whole or in part, to the extent such claims are not timely under the applicable statutes of limitation, statutes of repose, or both.

15. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination filed with the EEOC and Plaintiff failed to exhaust her administrative remedies.

16. Any damages sustained by Plaintiff—the existence of which Defendant expressly denies—are barred to the extent Plaintiff failed/fails to mitigate her damages.

17. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claimed damages were caused by her own actions or failure to act.

18. To the extent Plaintiff alleges she has suffered emotional or physical harm damages that arose out of or during the scope of her employment with Defendant, such damages are

preempted by and subject to the exclusive remedy provision of the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42-1-540.

19. Plaintiff is not entitled to some or all of the relief requested in the Complaint because Defendant's actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard of any legal rights of Plaintiff.

20. Defendant's actions were required by business necessity and were based upon factors other than Plaintiff's religion.

21. Any action taken by Defendant against Plaintiff was a product of legitimate, nondiscriminatory motivation and is, therefore, not actionable under Title VII of the Civil Rights Act of 1964 or any other federal or state statute or law.

22. Plaintiff's retaliation claim must fail because she has failed to allege that she engaged in any protected activity under Title VII.

23. Plaintiff's retaliation claim must fail because there is no causal connection between any protected conduct alleged by Plaintiff and her termination, and there is no evidence of animus by the Defendant against the Plaintiff for the exercise of any right afforded by relevant law to support a claim of retaliation.

24. Plaintiff's claims of discrimination under Title VII are barred to the extent they seek relief for alleged violations that occurred more than 300 days prior to the date on which Plaintiff's charge of discrimination was filed.

25. Plaintiff's claims of discrimination under the South Carolina Human Affairs Law are barred to the extent they seek relief for alleged violations that occurred more than 300 days prior to the date on which Plaintiff's charge of discrimination was filed.

26. Plaintiff cannot state a cause of action for religious discrimination upon which relief can be granted because he has failed to establish that Defendant's conduct was motivated in whole or in part because of Plaintiff's religion.

27. Plaintiff cannot state a cause of action for failure to accommodate her religious beliefs because Plaintiff's failure to work her assigned schedule created an undue hardship on the business which Defendant could not accommodate.

28. At all times, Defendant's actions were lawful, justified, and made in good faith.

29. Upon discovery of sufficient facts, Defendant reserves the right to raise the defense of "after-acquired evidence."

30. Plaintiff is not entitled to recover punitive damages because Defendant at all times demonstrated good faith efforts to comply with relevant law related to the challenged actions and none of Defendant's challenged actions were intended to cause injury to Plaintiff.

31. The allegations of Plaintiff's Complaint are insufficient to entitle her to punitive damages.

32. Any imposition of punitive damages in this case would contravene Defendant's constitutional right to substantive and procedural due process of law under the Fourteenth Amendment of the Constitution of the United States

33. By pleading defenses and affirmative defenses, Defendant does not undertake any burden of proof ordinarily borne by Plaintiff.

34. Defendant reserves the right to amend or assert additional defenses and/or affirmative defenses as facts are developed in the course of additional investigation and discovery.

WHEREFORE, having fully answered the Complaint, Defendant prays that the Complaint be dismissed in its entirety, with prejudice, and that Defendant be awarded attorneys' fees and costs for defending this action and such further relief as this Court deems just and equitable.

Dated this 1st day of July, 2019

        Respectfully submitted,

        Ogletree, Deakins, Nash,
        Smoak & Stewart, P.C.

        <u>s/Charles E. McDonald III</u>

        Charles E. McDonald III (Fed ID 6767)
        M. Brooks Miller (Fed ID 11527)
        The Ogletree Building
        300 North Main Street, Suite 500
        Greenville, SC  29601
        Tel.:  864.271.1300
        Fax:  864.235.8806
        chuck.mcdonald@ogletree.com
        brooks.miller@ogletree.com

        ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **Answer** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following person(s), and I hereby certify that the foregoing **Answer** has been served on the following individual by U.S. mail, properly addressed and with the correct amount of postage affixed thereto:

| | |
|---|---|
| Annie Padilla Martin | Todd Robert McFarland |
| 60536 Christian St. | General Conference of Seventh-Day |
| Vandalia, Michigan 49095 | Adventists / Office of General Counsel |
| | 12501 Old Columbia Pike |
| | Silver Springs, Maryland 20904 |

Dated this 1st day of July, 2019.

s/ Charles E. McDonald, III
Charles E. McDonald, III

38821585.1